# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **EMMANUEL E. ELDER,** | ) | **CASE NO. 1:17 CV 2364** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **ARIANA ZUK**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Emmanuel E. Elder filed this action under 42 U.S.C. § 1983 against Lakewood Police Officer Ariana Zuk, Lakewood Police Detective Robert Fuerst, Lakewood Municipal Court Judge Patrick Carroll, Lakewood Prosecutor Pamela L. Roessner and Lakewood Assistant Prosecutor Andrew N. Fleck. In the Complaint, Plaintiff asserts he was arrested and prosecuted without probable cause. He seeks monetary damages.

## I. BACKGROUND

Plaintiff was involved with two criminal prosecutions in July and August 2017. The first of these prosecutions stemmed from an incident in which a cellular telephone was stolen from a CVS pharmacy. He alleges Fuerst called him on July 22, 2017 to question him about the theft.

Later police searched his house. He indicates he spoke to Fuerst again on August 2, 2017 and learned a warrant had been issued for his arrest.

Prior to his arrest on those charges, Plaintiff was involved in an altercation with Sean Derenzo. Plaintiff claims Derenzo tried to rob him on August 21, 2017. Derenzo made the same claims about Plaintiff. Derenzo called Lakewood police and requested assistance. Officers arrived and chased Plaintiff with their weapons drawn. Plaintiff contends they captured him by tackling him to the ground. He claims Zuk was "the most aggressive and violent" of the officers. (ECF No. 1 at 14).

Plaintiff was arraigned on the theft charges pertaining to the cellular telephone on August 22, 2017 in the Lakewood Municipal Court. He refused to enter a plea or cooperate with appointed counsel. The Court entered a plea on his behalf. Plaintiff challenges the validity of the proceedings, claiming the warrant filed by Fuerst did not comply with Ohio Criminal Rule 4(a)(1), and Carroll would not allow him to represent himself. He asserts these actions violated his Fourth, Fifth, Sixth, Eighth, Eleventh and Fourteenth Amendment rights. That case is still pending.

Plaintiff also was indicted in the Cuyahoga County Court of Common Pleas on August 29, 2017 on two Counts of Robbery and one Count of Obstructing Official Business in connection with the incident involving Derenzo. Because Plaintiff is not awaiting trial on felony charges, he was moved from the Lakewood Jail to the Cuyahoga County Jail. That case is also pending.

## II. LAW AND ANALYSIS

**Standard of Review**

This Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**<u>Judge and Prosecutors</u>**

As an initial matter, three of the five Defendants are immune from damages in this civil rights action. Judges are absolutely immune from civil suits for money damages when the claims against them are based on actions they took while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are given this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when the Defendant was not acting as a judge; or when the Judge's conduct was taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity, however, just because the action he or she performed was in error, done maliciously, or exceeded his or her authority.

Here, Plaintiff contends Judge Carroll would not allow him to represent himself and entered a plea of not guilty on Plaintiff's behalf when Plaintiff refused to enter one. These actions were performed in the course of presiding over Plaintiff's municipal court case. Misdemeanor criminal cases emanating from the City of Lakewood are within the subject matter jurisdiction of the Lakewood Municipal Court. Judge Carroll is absolutely immune from damages.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). They must exercise their best professional judgment both in deciding which cases to bring and how to present them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by concern that he or she will be sued by a Defendant who transforms his resentment at being prosecuted into the attribution of improper and malicious actions to the prosecutor. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

In this instance, Plaintiff alleges Roessner and Fleck filed a Motion to have him transported from the Cuyahoga County Jail to the Lakewood Municipal Court for trial. He claims they did not have a warrant to have him transported. This action was taken to secure Plaintiff's appearance at trial, and is an action intimately associated with the judicial phase of Plaintiff's criminal case. Consequently, Roessner and Fleck are entitled to absolute immunity.

**Police Officers**

Finally, Plaintiff includes claims against Lakewood Police Officers Fuerst and Zuk. He alleges Fuerst called him on two occasions. First, he contends Fuerst called on July 22, 2017 to

-5-

inquire about a stolen cellular telephone. He contends Fuerst called again on August 2, 2017 to inform him that a warrant had been issued for his arrest. He does not give any indication of what constitutional right Fuerst violated by these actions. None is apparent on the face of the Complaint.

He claims Zuk was "the most aggressive and violent" of the officers that tackled him to the ground as he attempted to flee arrest on robbery charges. The Court liberally construes this as a claim for use of excessive force. When the use of force in the course of an arrest or other seizure of the Plaintiff is at issue, the Plaintiff's claim arises under the Fourth Amendment and its reasonableness standard is applied to analyze the claim. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). That standard requires that the officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure. *Id*. at 396. This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case. *Id*. The officer's subjective intentions are irrelevant to the Fourth Amendment inquiry. *Id.* at 397. Here, Plaintiff includes no facts at all to describe either his or Zuk's actions. He merely alleges Zuk was the most aggressive officer. That alone is not sufficient to state a plausible claim for relief for violation of the Fourth Amendment.

Plaintiff also states officers searched his home. He, however, does not attribute this action to either Zuk or Fuerst and does not indicate the circumstances under which the search took place. The Fourth Amendment does not bar all searches, only those which are unreasonable. Plaintiff does not allege sufficient facts to suggest either Zuk or Fuerst violated his Fourth Amendment rights in the course of this search.

## **III. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: March 26, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.